O

JS - 6

cc: order, docket, remand letter to
Los Angeles Superior Court, North Valley District,
Chatsworth, No. PC 053097K

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUN GIM,<br><br>             Plaintiff,<br><br>   v.<br><br>WELLS FARGO HOME MORTGAGE INC.; WELLS FARGO BANK, M.A.; CAL-WESTERN RECONVEYANCE CORPORATION,<br><br>            Defendants. | Case No. CV 12-05686 DDP (AJWx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS**<br><br>[Docket Nos. 6 & 7] |

    Presently before the court are Plaintiff Hun Gim's Motion to Remand Case to Superior Court of California, County of Los Angeles ("Motion to Remand") and Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can Be Granted ("Motion to Dismiss"). Having reviewed the parties' moving papers, the court grants Plaintiff's Motion to Remand, denies Defendant's Motion to Dismiss as moot, and adopts the following Order.

    The court finds that it lacks subject matter jurisdiction over this action. Because Plaintiff alleges only state law claims,

there is no federal question jurisdiction pursuant to 28 U.S.C. § 1331. Nor is there diversity jurisdiction under 28 U.S.C. § 1332. Section 1332 provides that district courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship is required, meaning each of the plaintiffs must be a citizen of a different state than each of the defendants. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

Here, the court finds that both Plaintiff and Defendant Wells Fargo Bank, N.A. ("Wells Fargo") are citizens of California. In arguing to the contrary, Wells Fargo claims that it is only a citizen of South Dakota, because the principle place of business test does not apply to national banking associations. However, several courts in this Circuit have held that a national banking association is a citizen of the state where its principal place of business is located. See, e.g., Taheny v. Wells Fargo Bank, N.A., --- F. Supp. 2d ----, 2012 WL 1120140 (E.D. Cal. Apr. 3, 2012); Singer v. Wells Fargo Bank, N.A., No. SACV 12-801, 2012 WL 2847790 (C.D. Cal. July 11, 2012); Rouse v. Wachovia Mortg., FSB, No. EDCV 11-00928, 2012 WL 174206 (C.D. Cal. Jan. 13, 2012). These courts have therefore concluded that Wells Fargo is a citizen of both South Dakota and California. See, e.g., Taheny, 2012 WL 1120140, at *1; Singer, 2012 WL 2847790, at *5; Rouse, 2012 WL 174206, at *14. This court agrees with these well-reasoned decisions.

Because this court lacks subject matter jurisdiction, it hereby GRANTS Plaintiff's Motion to Remand and REMANDS the entire

2

matter to California state court.  The court also VACATES as moot Defendant's Motion to Dismiss.

IT IS SO ORDERED.

Dated: September 5, 2012

DEAN D. PREGERSON
United States District Judge